UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AND LAURA DE ANDA,<br><br>             Plaintiffs,<br><br>     vs.<br><br>ALEXANDRA INVESTMENTS, ET AL.,<br><br>             Defendants. | CASE NO. CV 14-1176 RZ<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

Plaintiffs are suing over a car collision in Las Vegas in 2012.  The Court issues this Order To Show Cause because it appears that the Court may lack subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and if subject matter jurisdiction does not affirmatively appear, federal courts are presumed to lack jurisdiction. *National Treasury Employees Union v. Federal Labor Relations Authority*, 112 F.3d 402, 403 (9th Cir. 1997), *citing General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 968-69 (9th Cir. 1981).  The two plaintiffs ground jurisdiction on diversity of citizenship under 28 U.S.C. § 1332.  In that context, they allege that they "reside in this district" in California and were "residents of the County of Los Angeles" at all relevant times. Comp. ¶ 2.  They similarly allege where one of the defendants, Rimon Elia Hormez, resides without alleging the state in which Hormez is a *citizen*.  Comp. ¶ 5.  But residence is not

the same as citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001); *Jeffcott v. Donovan*, 135 F.2d 213 (9th Cir. 1943). Because the allegation of residence is not sufficient to establish citizenship, the diversity of the parties does not affirmatively appear from the Complaint.

The foregoing flaw may be curable, but the following one may not be. Plaintiffs must establish *complete* diversity to support this federal court's jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806). Even if every party were a citizen of the state in which Plaintiffs allege they reside (or, as to corporate defendants, the states in which they are incorporated and have their principal places of business), the Californian Plaintiffs are suing a Californian defendant, Alexandra Investments, in addition to two Nevadans.

Accordingly, Plaintiffs shall show cause in writing not later than March 24, 2014 why the action should not be dismissed for lack of jurisdiction. If, before March 24, 2014, Plaintiffs file an amended complaint curing the jurisdictional defect, the Court will discharge the Order to Show Cause.

Before closing, the Court notes another concern, namely venue. Plaintiffs are suing a Nevadan driver of a partially Californian-owned car for crashing into the Plaintiffs' car in Las Vegas. (Plaintiffs do not allege how Alexandra Investments is at fault or involved, other than that Alexandra co-owned the car that Hormez was driving.) Although the Court makes no ruling at this time, it appears that venue may properly lie solely in Nevada – and, unless the jurisdictional defects noted can be cured, in a state court there rather than a federal one.

DATED: February 25, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-2-