UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AND LAURA DE ANDA,<br><br>        Plaintiffs,<br><br>   vs.<br><br>ALEXANDRA INVESTMENTS, ET AL.,<br><br>        Defendants. | CASE NO. CV 14-1176 RZ<br><br>FURTHER ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

        Plaintiffs are California citizens who assert diversity jurisdiction in this action stemming from a 2012 auto collision in Las Vegas. On February 25, the Court issued an Order to Show Cause (OSC), explaining that the initial complaint failed to allege the parties' state citizenship, as opposed to their state residence. Also, Plaintiffs were alleging that the first-named defendant, Alexandria Investments, Inc., was a *California* corporation principally doing business in San Diego. The Court further explained that such facts strongly suggested that the required complete diversity was lacking. The Court stated that it would discharge the OSC if Plaintiffs filed a First Amended Complaint (1AC) correcting these facial shortcomings.

        Plaintiffs filed their 1AC on March 24. The Court remains concerned, however, that it lacks jurisdiction, and it thus will not yet discharge the OSC. Plaintiffs now allege that Alexandra Investments, Inc. is incorporated in Nevada and has its principal

place of business in Clark County, *i.e.*, that it is a Nevada citizen and, thus, diverse from the California-citizen Plaintiffs. But the Court takes judicial notice of two facts casting doubt on this new allegation. The first is that the California Secretary of State's public records reflect that an Alexandria Investments, Inc. is a current corporation incorporated in California, based in San Diego, just as Plaintiffs initially alleged. Second, the public records of the Nevada Secretary of State include no current or defunct Nevada corporation called Alexandria Investments, Inc. (There was a Nevada-registered entity called Alexandria Investments, *LLC* at the time of the underlying traffic collision, but according to the state's records, that LLC was dissolved in February 2014.)

It is the Court's duty to assure itself that it has subject-matter jurisdiction. By signing any paper filed with the Court, counsel is "certif[ying] that[,] to the best of [counsel]'s knowledge, information[] and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation and discovery." FED. R. CIV. P. 11(b), (b)(3). In light of the change in Plaintiffs' pleadings, it appears that the pleading may violate Rule 11.

Accordingly, and pursuant to FED. R. CIV. P. 11(c), the Court ORDERS Plaintiffs TO SHOW CAUSE why their pleadings do not violate FED. R. CIV. P. 11(b). The Court sets a hearing on this OSC, together with a hearing on the February 25 OSC, for 10:00 a.m. on Monday, April 28, 2014 in Courtroom 540 of the Roybal Federal Building. By April 21, Plaintiffs shall file a memorandum proffering the evidence supporting their averment that Defendant Alexandria Investments, Inc. is a citizen of the state of Nevada. Plaintiffs may include in their memorandum any additional pertinent matters, including any legal authorities.

DATED: April 9, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE